UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONAMEL FLOOR CONTRACTING CORP.   :
and FRANK TOTI,                                         :
                                                                       :
                           Plaintiffs,    :
                                                                       :
              -against-                               :    09 Civ. 1630 (RMB)
                                                                       :
THE DISTRICT COUNCIL OF NEW YORK   :    **ORDER**
CITY AND VICINITY OF THE UNITED           :
BROTHERHOOD OF CARPENTERS AND        :
JOINERS OF AMERICA AFL-CIO, et al.,         :
                                                                       :
                         Defendants.   :
------------------------------------------------------------X

       On or about February 9, 2009, Donamel Floor Contracting Corp. ("Donamel") and Donamel's president, Frank Toti (collectively, "Plaintiffs"), filed a complaint ("Complaint") in New York State Supreme Court, Richmond County, against the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America AFL-CIO; the Board of Trustees of the New York City District Council of Pension Fund; the New York City District Council of Carpenters Apprenticeship Journeyman Retraining Education and Industry Fund; the New York City District Council of Carpenters Charity Fund; the New York City District Council of Carpenters Welfare Fund Including Vacation Benefits; and the New York City District Council of Carpenters Annuity Fund (collectively, "Defendants"). (See Compl., dated Feb. 9, 2009 ("Compl."), ¶¶ 1–5.)

       On February 23, 2009, Defendants removed the case to this Court ostensibly pursuant to 28 U.S.C. § 1441. (See Notice of Removal, dated Feb. 23, 2009 ("Not. of Removal"), ¶ 1.) On February 25, 2009, Plaintiffs made an application pursuant to 28 U.S.C. § 1447(c) to remand the case to New York State Supreme Court. (See Ltr. from Perry Friedman to Hon. Richard M.

Berman, dated Feb. 25, 2009; see also Ltr. from Perry Friedman to Hon. Richard M. Berman, dated Mar. 10, 2009.) On March 4, 2009, Defendants opposed Plaintiffs' application to remand. (See Ltr. from Andrew Grabois to Hon. Richard M. Berman, dated Mar. 4, 2009; see also Ltr. from Andrew Grabois to Hon. Richard M. Berman, dated Mar. 13, 2009.)

Having reviewed the record herein, including, the Complaint, the Notice of Removal, Plaintiffs' letters, dated February 25, 2009 and March 10, 2009, Defendants' letters, dated March 4, 2009 and March 13, 2009, and applicable law, the Court finds and directs the following:

Defendants improperly removed this case to the United States District Court for the Southern District of New York because "[c]ases may be removed from state court only 'to the [federal] district court . . . for the district and division embracing the place where such action is pending.'" Jackson v. City of New York, No. 07 Civ. 519, 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007) (quoting 28 U.S.C. § 1441(a)); see St. Paul Fire & Marine Ins. Co. v. Architron Designers & Builders, Inc., No. 05 Civ. 1872, 2007 WL 757910, at *1 (E.D.N.Y. Mar. 8, 2007); see also Scott v. Jacobson, No. 06 Civ. 0832, 2006 WL 2695892, at *1–3 (E.D. Cal. Sept. 20, 2006). Plaintiffs commenced this case in New York State Supreme Court, Richmond County, which is located within the Eastern District of New York. See 28 U.S.C. § 112 ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . ."); (Not. of Removal ¶ 1; Summons in Index No. 100358/09, dated Feb. 9, 2009, attached as Ex. A to Not. of Removal.)

The Court hereby transfers this case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) because "[r]emoval of an action to an improper district is not a jurisdictional defect, but is akin to an improper venue situation," Jackson, 2007 WL 1871511, at *1 (internal quotations omitted), and "[a]n improper designation

of venue may be remedied by transferring the action to the proper district," St. Paul Fire, 2007 WL 757910, at *1 (citing 28 U.S.C. § 1406(a)). See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall . . . if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Ullah v. Fed. Deposit Ins. Corp., 852 F. Supp. 218, 221 (S.D.N.Y. 1994) ("Improper removal to this district of a state court case pending in the Eastern District of New York does not compel remand of the case to the state court so that it can then be removed to the Eastern District. That would bring about additional delay and expense while serving no useful purpose.").[1]

### Order

The Clerk of the Court is respectfully requested to remove this case from this Court's docket and transfer it to the United States District Court for the Eastern District of New York.

Dated: New York, New York
April 14, 2009

*RMB*
RICHARD M. BERMAN, U.S.D.J.

---

[1] The Court expresses no opinion regarding the merits of Plaintiffs' application to remand.

3